U.S. Bank Trust, N.A. v Boreshesky (2025 NY Slip Op 04930)

U.S. Bank Trust, N.A. v Boreshesky

2025 NY Slip Op 04930

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-11551
 (Index No. 608103/23)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Susan J. Boreshesky, etc., appellant, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Day Pitney LLP, New York, NY (Christina A. Livorsi and Catherine Welker of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Susan J. Boreshesky appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated November 9, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Susan J. Boreshesky pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage is granted.
In July 2010, Household Finance Realty Corporation of New York (hereinafter Household) commenced a mortgage foreclosure action (hereinafter the 2010 action) against the defendant Susan J. Boreshesky, among others. Household elected in the complaint to accelerate the mortgage debt. In an order dated August 1, 2016, Household's motion to voluntarily discontinue the 2010 action, which was made less than six years after the mortgage debt was accelerated, was granted.
In December 2016, Boreshesky commenced an action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage (hereinafter the quiet title action), which, by that time, had been assigned from Household to U.S. Bank Trust, N.A. (hereinafter U.S. Bank). Boreshesky alleged that the statute of limitations to foreclose the mortgage had expired because more than six years had passed since Household accelerated the debt by commencing the 2010 action. In an order dated July 5, 2017, the Supreme Court, inter alia, denied U.S. Bank's motion for summary judgment dismissing the complaint in the quiet title action. U.S. Bank appealed. On appeal, this Court, among other things, granted that motion upon determining that, pursuant to Freedom Mtge. Corp. v Engel (37 NY3d 1), the voluntary discontinuance of the 2010 action effected a valid revocation of Household's acceleration of the mortgage debt, thereby resetting the applicable limitations period, and precluding Boreshesky from obtaining relief pursuant to RPAPL 1501(4) (see Boreshesky v U.S. Bank Trust, N.A., 208 AD3d 547).
On March 29, 2023, U.S. Bank commenced the instant action against Boreshesky, [*2]among others, to foreclose the same mortgage that was the subject of the 2010 action and the quiet title action. U.S. Bank elected in the complaint to accelerate the entire balance of the mortgage debt. Principally relying on the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), which was enacted after this Court, on appeal, granted U.S. Bank's motion for summary judgment dismissing the complaint in the quiet title action, Boreshesky moved pursuant to CPLR 3211(a)(5) to dismiss the complaint in the instant action insofar as asserted against her as time-barred and pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. U.S. Bank opposed the motion, arguing, inter alia, that Boreshesky was collaterally estopped from challenging the timeliness of the instant action based upon this Court's determination on the prior appeal in the quiet title action and that retroactive application of FAPA was precluded and would violate the United States and New York Constitutions. In an order dated November 9, 2023, the Supreme Court denied Boreshesky's motion. Boreshesky appeals. We reverse.
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, Boreshesky demonstrated, prima facie, that the six-year statute of limitations began to run in July 2010, when U.S. Bank's predecessor in interest commenced the 2010 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). Boreshesky further demonstrated that the instant action was commenced in March 2023, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d 721, 723).
U.S. Bank contends that the voluntary discontinuance of the 2010 action served to revoke the acceleration of the mortgage debt and, therefore, that this action was timely, citing Freedom Mtge. Corp. v Engel (37 NY3d 1). However, FAPA, which was enacted after this Court's determination on appeal in the quiet title action but before the instant action was commenced, effectively nullified Engel (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067). "Specifically, FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new subdivision (e), which provides that '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (id., quoting CPLR 3217[e]).
Applying FAPA here, the voluntary discontinuance of the 2010 action did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1067). Therefore, as U.S. Bank commenced the instant action in March 2023, more than six years after the mortgage debt was initially accelerated, the instant action was time-barred (see Citimortgage, Inc. v Gunn, 234 AD3d 922; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1067).
U.S. Bank's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are also without merit (see Citimortgage, Inc. v Gunn, 234 AD3d 922; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Further, given that "collateral estoppel is a flexible doctrine" (Gilberg v Barbieri, 53 NY2d 285, 292; see Matter of Dunn, 24 NY3d 699, 704), as well as the unique circumstances of this matter, we reject U.S. Bank's contention that collateral estoppel effect must be given to this Court's determination on the appeal in the quiet title action, in an attempt to avoid the consequences of FAPA here.
Accordingly, the Supreme Court should have granted that branch of Boreshesky's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1041 [internal quotation marks omitted]). Here, in view of our determination that the instant action is time-barred, the Supreme Court also should have granted that branch of Boreshesky's motion which was pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court